# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS J. PROVENZA | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 1:09cv191-LG-RHW |
| | § | |
| JERRY J. STAMPS and TERESA L. | § | |
| "LYNN" WITT-STAMPS | § | DEFENDANTS |

## ORDER DENYING MOTION TO DISMISS

BEFORE THE COURT is Defendants Jerry J. Stamps and Teresa L. "Lynn" Witt-Stamps's Motion to Dismiss Under FRCP 12(b)(6) Affirmative Defense of Statute of Limitations [10]. Plaintiff Louis J. Provenza filed this diversity action based on an alleged conversion of funds that took place over a seven month period. The Stamps argue that the claims are all barred by the three year statute of limitations and fraudulent concealment tolling does not apply. The Court has considered the parties' submissions[1] and the relevant legal authority. The motion is denied.

## FACTS AND PROCEDURAL HISTORY

The Complaint was filed February 27, 2009. According to the Complaint, the Stampses were Provenza's bankruptcy attorneys, tax and business advisors, and friends. In January of 2005, the parties formed S&P Holdings, LLC, in order to develop Provenza's Florida property. The Stampses were the only signatories on S&P's account. In March, the parties entered into an

---

[1]Provenza's response was untimely filed. He did not file a motion for more time, but he asked the Court via email, with a copy to the Stampses, for additional time to respond. The Stampses did not respond or file a motion to strike. Instead, in their Rebuttal, they ask the Court to strike his response. Even without considering Provenza's response, the Stampses failed to carry their burden on the motion.

agreement in which the Stampses would buy that real property from Provenza, mortgage the property, construct a home on the property, resale the property, and then divide the profits of that resale among the parties. Some of the purchase price that the Stampses owed Provenza for his Florida property was to be deposited into S&P's account. The Stampses were supposed to use this amount ($392,955.50) to make payments on the mortgage that they had taken out on the property, until the house could be built and the property resold for profit.

Provenza alleges that, on July 1, 2005, the parties closed on this sale, and this amount was deposited into S&P's account. "[F]rom August 2005 through February 2006," however, the Stampses "fraudulently converted such proceeds to their personal use in increments." (Compl. at 3 (¶12)). He alleges that the Stampses "likewise secreted" another $546,000 from him. "Having initially been informed that the Defendants were using the $392,955.50 to pay the mortgage debt service, the Plaintiff only learned at Defendants' deposition in a Florida case that the Defendants had converted the $392,955.50 to their own use." *Id.* at 3-4 (¶16). The Complaint does not allege when this revelation took place. The Complaint sets forth various tort claims as well as breach of contract and unjust enrichment.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, Provenza must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Stampses argue that all of the claims in the Complaint are barred by the general three year statute of limitations found in Mississippi Code Annotated Section 15-1-49. Specifically, the Stampses argue that all of the causes of actions accrued on July 1, 2005, and the Complaint was not filed until 2009. The Stampses further argue that the limitations period was not tolled by fraudulent concealment.

All of the tort and contract claims in the Complaint are premised on the alleged systematic conversion of funds from the S&P account to the Stampses' own personal use, even though they represented to Provenza that these funds were being used to finance the Florida property venture. The alleged ongoing conduct began in 2005 and continued "through February 2006." In the light most favorable to Provenza, the Court will construe that this alleged conduct ended February 28, 2006. Applying the three year statute of limitations, Provenza had until March 2, 2009, to file his Complaint. This is because February 28, 2009, fell on a Saturday, so he had until the following Monday, March 2 to file. Fed. R. Civ. P. 6(a)(3). The Complaint, the case was filed on February 27, 2009. Based upon the allegations in the Complaint, it is timely.

Because it appears from the face of the Complaint that it was timely filed, the Court need not consider whether the statute of limitations was tolled by fraudulent concealment. The motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, Defendants Jerry J. Stamps and Teresa L. "Lynn" Witt-Stamps's [10] Motion to Dismiss Under FRCP12(b)(6) Affirmative Defense of Statute of Limitations should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE