UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS J. PROVENZA | § | PLAINTIFF |
| | § | |
| v. | § | No. 1:09CV191LG-RHW |
| | § | |
| JERRY J. STAMPS and TERESA | § | |
| L. "LYNN" WITT-STAMPS | § | DEFENDANTS |

ORDER DENYING MOTION FOR
INTERLOCUTORY APPEAL AND MOTION TO STRIKE

BEFORE THE COURT are *pro se* Defendant Teresa L. "Lynn" Witt-Stamps's[1] Motion and Application for Leave to Bring an Interlocutory Appeal of This Court's February 22, 2010 Order Under 28 U.S.C. § 1292(b) and Entry of a Stay [50] and Motion to Strike [59]. The Court entered an [49] Order and held that this action was timely on the face of the Complaint. She seeks leave to pursue an interlocutory appeal of this ruling.

Title 28 of the United States Code Section 1292(b) provides in pertinent part:

When a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . . .

The question sought to be certified is "when does the statute of limitations begin

---

[1]Although both Defendants filed these motions, Defendant Jerry J. Stamps has since died, and his estate has not yet been substituted as a party.

to accrue for assessing a 12(b)(6) motion to dismiss based on a complaint alleging breach of contract, breach of fiduciary duty, unjust enrichment and fraudulent concealment arising out of a real estate transaction which was consummated on July 1, 2005." (Def.'s Mot. for Appeal at 3-4).

First, an immediate appeal will not materially advance the termination of this litigation. Because the Court found the claims were timely on the face of the Complaint, the Court did not need to "consider whether the statute of limitations was tolled by fraudulent concealment." (Order Denying 1st Mot. Dismiss at 3). If the appeal were successful, the Court would be required to consider this point before the litigation could terminate.

Second, Witt-Stamps does not demonstrate substantial grounds for a difference of opinion. In fact, the authorities she cites are consistent with this Court's ruling.

Finally, it is doubtful that the question presented is a question of law, let alone a controlling question of law. What Witt-Stamps takes issue with is the Court's reading of the Complaint and application of the law to the facts as alleged in the Complaint.

The motion for appeal is denied.

MOTION TO STRIKE

Witt-Stamps asks the Court to strike a sentence from Provenza's response, because she does not agree with that sentence and "he has not offered and cannot offer any evidence of a scheme of fraudulent concealment." (Def.'s Mot. to Strike at 2). The statement is merely his position in this lawsuit, i.e., that the Stamps defrauded him

and converted his money. She understandably takes the opposite position. The motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above *pro se* Defendant Teresa L. "Lynn" Witt-Stamps's [50] Motion and Application for Leave to Bring an Interlocutory Appeal of This Court's February 22, 2010 Order Under 28 U.S.C. § 1292(b) and Entry of Stay should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Witt-Stamps's [59] Motion to Strike should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 1st day of February, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE