## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS J. PROVENZA | § | PLAINTIFF/COUNTER |
| | § | DEFENDANT |
| | § | |
| v. | § | CAUSE NO. 1:09cv191-LG-RHW |
| | § | |
| TERESA L. "LYNN" WITT-STAMPS | § | DEFENDANT/COUNTERCLAIMANT |

### ORDER GRANTING DEFAULT JUDGMENT

BEFORE THE COURT is Plaintiff Louis J. Provenza's [102] Motion for Entry of Default Judgment. He filed this diversity action based on an alleged conversion of funds. He argues he is entitled to default judgment because *pro se* Defendant Teresa Lynn Witt-Stamps[1] has (1) disobeyed the Court's orders compelling discovery and (2) essentially disappeared from this and a related concurrent state action. She has not responded in opposition. The Court has considered Provenza's submissions, the record, and the relevant legal authority. The motion is granted.

### FACTS AND PROCEDURAL HISTORY

On February 27, 2009, Provenza filed suit against the Stamps, both his former bankruptcy attorneys, alleging they fraudulently converted $392,955.50 from him. At the time he was a Louisiana resident, and the Stamps were Gulfport, Mississippi residents, with a Long Beach post office address. The Stamps filed their first motion to dismiss on April 28. On May 14, they filed for bankruptcy, and the case was stayed.

---

[1] Defendant Jerry J. Stamps has died, but his estate was never substituted as a party.

The Stamps then moved for an expedited ruling on their first motion to dismiss on November 30, 2009, urging a ruling "before discovery proceeds." (Defs.' 1st Req. for Expedited Ruling on Defs.' Mot. to Dismiss Based on Statute of Limitations at 1-2). It was around this time that they discarded all banking information in their possession. The Court denied the motion to expedite on December 1, because there was no evidence that the bankruptcy stay had been lifted. They then provided proof that the stay was lifted and filed multiple motions to defeat subpoenas on their banks. The Magistrate Judge granted the motions for protective order on the grounds that there had not yet been a Case Management Conference and there was a pending motion to dismiss.

On January 12, 2010, the Stamps filed a Counterclaim, alleging Provenza breached the contracts when he sued the Stamps in Florida and this Court and that he made unspecified misrepresentations to them.

The next day, the Stamps filed another motion for expedited ruling on their first motion to dismiss "before discovery proceeds." (Defs.' 2d Req. for Expedited Ruling on Defs.' Mot. to Dismiss Based on Statute of Limitations at 2). The first motion to dismiss was denied on February 22. On March 18, they moved for interlocutory appeal, and Provenza issued discovery requests.

Discovery proceeded, and the Stamps moved to quash subpoenas on one of their banks as irrelevant and confidential. Upon prompting by the Clerk of Court, the Stamps filed a change of address, listing only the Long Beach post office address, as well as a change of telephone number with the Court. The Magistrate Judge denied the [62] Motion to Quash finding the financial records were reasonably calculated to lead

to admissible evidence, and that "the use of the $392,550.50 [sic] is a central component of Plaintiff's complaint and therefore a legitimate subject of discovery." (Order Denying Mot. to Quash). The Stamps then filed their second motion to dismiss on May 12.

Two weeks later, the case was stayed due to Mr. Stamps's health problems. On September 28, the Magistrate Judge conducted a telephone conference with the parties. He found that Jerry was deceased, "however, at this time, the case is proceeding against [Witt-Stamps]. Plaintiff has not made a decision on whether to open and proceed against a creditor's estate for Defendant Jerry J. Stamps." (Text Only Order Finding as Moot [83] Mot. to Extend Stay Due to Med. Necessity.)

The case resumed, and Provenza filed a motion to extend his designation deadline because Defendants never responded to his March 30, 2010, Supplemental Interrogatory Number 1, to "identify by name and location the institution at which account number 0000067002099 is located." (Pl.'s 1st Supplemental Interrogs. & Reqs. for Produc. at 1). The Court granted the extension. Provenza then filed a [86] Motion to Compel Discovery on December 7, seeking this information as well as "a copy of all bank statements and checks, including cancelled checks, from January 2005 through December 2006, for account number 0000067002099." *Id.* Witt-Stamps responded that she never had an account "ending in 2099." (Def.'s Resp. to Pl.'s Mot. to Compel Disc. at 1). He then replied that he inadvertently left the two last digits, "57," off the account number. The Magistrate Judge directed her to either respond with the requested information as to the corrected account number or file a sur-reply explaining why she would not, by December 23. On December 20, she filed a sur-reply arguing that she

3

needed more time to respond to the discovery request as she was in Chicago spending the Christmas holidays and was only just informed about the correct account number.

On January 3, 2010, Provenza filed a [92] Motion for Citation of Contempt, because Witt-Stamps had not produced the discovery. He likewise moved again for more time to designate his experts. Two days later, the Magistrate Judge granted the motions to compel and to extend the designation deadline but denied the motion for contempt. In doing so, he interpreted her sur-reply as a motion for more time to respond to the discovery request. He therefore ordered her to respond by January 25. Although the Order was mailed to her, it was returned on January 10, with "Return to Sender" handwritten on the front of the envelope. However, on January 20, she mailed a response to Provenza's counsel, in which she stated that all banking documents prior to August 29, 2005 were lost in Hurricane Katrina, and all banking documents post-Katrina were thrown away in November 2009. She attempted to file a Notice of Service of Response to Plaintiff's Discovery Request Pursuant to Order Dated January 05, 2011, with the Court, but it was returned to her for failure to "specify which type of discovery." (Dkt. Entry 101 at 27). Furthermore, she did not provide any address on the response, notice, or envelope. The envelope indicated only that it was routed through the post office in Gulfport.

On February 1, the Court denied Defendants' motion for interlocutory appeal and to stay, [59] Motion to Strike, and second motion to dismiss.

On February 15, Provenza again moved for contempt based on Witt-Stamps's discovery response. She did not oppose the motion. The Magistrate Judge ordered her

4

to show cause why she should not be held in contempt by March 28. She did not respond. On April 1, the Magistrate Judge issued a reminder of the settlement conference set for May 31. On April 11, he noticed the show cause hearing for May 31, as well, and once again ordered her to produce the requested discovery. She failed to appear. The Court found her to be in contempt and took Provenza's *ore tenus* request for judgment against her under advisement.

One June 9, 2011, the Post Office returned the [99] Order to Show Cause, [100] Notice of Hearing, Notice of Calendar Setting Reminder of the settlement conference, [96] Order Denying Interlocutory Appeal and Motion to Strike, [97] Order Denying Second Motion to Dismiss, and the Clerk's return of Witt-Stamps's January 20 notice of service. On the envelopes read, "RETURN TO SENDER. REFUSED. UNABLE TO FORWARD." *Id.* at 1, 4, 7, 9, 13, 26, 28. On June 17, Provenza filed the instant motion for default judgment. On July 5, the Post Office returned the Minute Entry of May 31, which recorded that she was in contempt of court. This time, the envelope read, "BOX CLOSED. UNABLE TO FORWARD. RETURN TO SENDER." (Dkt. Entry 103 at 1).

The Pre-Trial Conference is currently scheduled for August 10. The Jury Trial is scheduled for a three week trial calendar beginning September 12.

Notably, the last three things Witt-Stamps sent to the Court contained no address on the pleading and no return address on the envelope.

## DISCUSSION

Provenza moves for default arguing Witt-Stamps failed to (1) obey the Court's orders and (2) keep the Court apprised of her whereabouts. He seeks judgment in the

amount of the liquidated claim, $392,955.50, "legal interest," and court costs. (Pl.'s Mot. for Entry of Default J. at 3).

RULE 37

Rule 37 sanctions are "entrusted to the discretion of the trial judge" and should be imposed to adequately protect the discovery process. *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970). "If a party . . . fails to obey an order to provide . . . discovery, including an order under Rule . . . 37(a), the court . . . may issue further just orders. They may include . . . rendering a default judgment against the disobedient party. . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The Court finds that Witt-Stamps has failed to obey the Court's January 5 Order compelling discovery of the bank account ending in "9957." Furthermore, by her own admission, she discarded the evidence well after this litigation began and provided no reason why she could not identify the name or location of the account. It was after the Court's order compelling this discovery that she disappeared from the instant case. She further failed to appear at the May 31 settlement conference, despite being on notice for eight months of that setting. Even though she proceeds *pro se*, she is a former attorney, and is thus well versed in her duties to the Court. Under the circumstances, the Court is of the opinion that a default judgment is a just order for her failure to obey

6

the Order compelling discovery and that lesser sanctions will not suffice. The failure was willful and contumacious, prejudices Provenza's ability to prove his claim of conversion and prevents prosecution of the instant case. Furthermore, since the default judgment will include an assessment for the court costs in this case, it is unnecessary for the Court to award costs under Rule 37(b)(2)(C).

### FAILURE TO KEEP COURT APPRISED OF ADDRESS

Additionally, it is apparent from Witt-Stamps's failure to communicate with this Court that she lacks interest in defending against the Complaint and pursuing her own Counterclaim.

"All documents filed and signed by a party not represented by an attorney must contain the party's name, address, telephone number, fax number, and e-mail address. Every . . . litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Local Uniform Civ. R. for N.D. Miss. & S.D. Miss. 11(a). "Any delay or continuance occasioned by a party's failure to abide by these rules may result in the imposition of appropriate sanctions, including assessment of costs and attorneys' fees." Local Uniform Civ. R. for N.D. Miss. & S.D. Miss. 11(b).

This Court has the authority to dismiss the Counterclaim for her failure to prosecute under Rule of Civil Procedure 41(b),(c) and under the Court's inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

Witt-Stamps has not contacted this Court since January nor provided her current address.  For the reasons already discussed, the Court concludes that default judgment on the Complaint and dismissal of the Counterclaim under Rule 41(b) is a proper sanction for her failure to communicate with the Court.  There is a clear record of delay and contumacious conduct, and lesser sanctions will not suffice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above Plaintiff Louis J. Provenza's [102] Motion for Entry of Default Judgment should be and is hereby **GRANTED.**  He shall recover Three Hundred Ninety-Two Thousand Nine Hundred Fifty-Five Dollars and Fifty Cents ($392,955.50), 0.19 percent post judgment interest starting from the date of this Judgment, and costs from Defendant Teresa Lynn Witt-Stamps.  A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Counterclaim is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2011.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE